**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BARBRA MICHELLE GARRISON,          *
                                                             *
                      Plaintiff,                       *
                                                             *
v.                                                        *
                                                             *
CAROLYN W. COLVIN, Acting        *          No. 5:14CV00025-SWW-JJV
Commissioner, Social Security      *
Administration,                         *
                                                             *
                      Defendant.                     *

## PROPOSED FINDING AND RECOMMENDATION

### Instructions

The following recommended disposition was prepared for United States District Judge Susan

W. Wright.  A party to this dispute may object to this recommendation in writing.  An objection must

be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding

must identify the finding and the evidence supporting the objection.  Objections must be filed with

the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting

party must serve the opposing party with a copy of an objection.  Failing to object within 14 days

waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Wright may adopt the

recommended disposition without independently reviewing the record evidence.  An objecting party

who seeks to submit new, different, or additional evidence, or to obtain a hearing for that purpose,

must address the following matters as part of written objections: (1) why the record before the

magistrate judge was inadequate, (2) why the evidence was not presented to the magistrate judge,

---

[1]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2]*Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

and (3) details and/or copies of any testimony and/or documents to be proffered at a hearing.  Based on this submission, Judge Wright will determine the need for a hearing.

## Recommended Disposition

Barbra Michelle Garrison seeks judicial review of the denial of her application for disability insurance benefits.[3]  Ms. Garrison has multiple sclerosis – "a slowly progressive disease of the central nervous system."[4]   In the past, Ms. Garrison worked as an office manager, first for an accounting firm and later for auto body shops.[5]  Her last job required working in the heat and dealing with stress.[6]  She was too tired and mentally drained to do things with her daughter.[7]  She quit her job on April 25, 2011.[8]  Three weeks later, she applied for benefits and based disability on multiple sclerosis.[9]

**The Commissioner's decision**.  After considering the application, the Administrative Law Judge (ALJ) determined multiple sclerosis is a severe impairment,[10] but Ms. Garrison can do some light work, to include her past work as an office manager for an accounting firm.[11]   The ALJ excluded previous work at an auto body shop because of sensitivity to heat.  Because a person who

---

[3]SSA record at p. 112.

[4]Genevieve T. Slomski & Tish Davidson, 4 The Gale Encyclopedia of Med. 2944 (4th ed.).

[5]SSA record at pp. 133 & 138.

[6]*Id*. at pp. 46-47.

[7]*Id*. at p. 47.

[8]*Id*. at p. 132.

[9]*Id*.

[10]*Id*. at p. 13.

[11]*Id*. at pp. 14-17 (placing the following limitations on light work: occasional stooping, bending, and stair climbing; no ladder climbing; and no extreme heat).

can do her past work is not disabled,[12] the ALJ denied the application.

After the Appeals Council denied a request for review,[13] the ALJ's decision became a final decision for judicial review.[14]   Ms. Garrison filed this case to challenge the ALJ's decision.[15]   In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[16]

**Ms. Garrison's allegations**.  Ms. Garrison contends the ALJ did not properly consider how fatigue impacts her ability to work.  She characterizes her impairment as episodic in nature and influenced by her activity level.  She maintains the ALJ gave insufficient weight to her treating neurologist's opinion.  She says the Appeals Council should have asked a medical consultant to review a new treatment note.  She contends a reasonable mind would not accept the evidence as adequate to support the ALJ's decision.[17]

**Applicable legal principles**.  In reviewing a decision denying an application for benefits, the court must determine whether a reasonable mind would accept the evidence adequate to support

---

[12]20 C.F.R. § 404.1520(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

[13]SSA record at p. 1.

[14]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[15]Docket entry # 1.

[16]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[17]Docket entry # 11.

the decision.[18]  The court must consider all of the evidence — including evidence that detracts from the ALJ's decision[19] — but the court may not reverse simply because substantial evidence supports an opposite conclusion.[20]

**Whether a reasonable mind would accept the evidence as adequate**.  Multiple sclerosis is a progressive disease that damages the protective sheath covering the nerves and disrupts communication between the brain and the rest of the body.[21]  Early symptoms include: muscle weakness, causing difficulty walking; loss of coordination or balance; numbness; tingling; and blurred or double vision.[22]  Ms. Garrison was diagnosed in October 2008, after experiencing vision change, numbness in the upper chest, and arm and leg pain.[23]

Ms. Garrison began treatment with a neurologist, Dr. Chenault, who believes she is disabled.  And after close inspection of the medical evidence, the Court agrees.  Although Dr. Chenault's opinion on the ultimate issue of disability is not binding on the Commissioner, for the following reasons her opinion amounts to substantial evidence to support a finding of disability.[24]

<u>Medical evidence before the ALJ</u>.  Later symptoms of multiple sclerosis include fatigue, muscle spasticity and stiffness, tremors, paralysis, pain, vertigo, speech or swallowing difficulty, loss of bowel and bladder control, incontinence, constipation, sexual dysfunction, and cognitive

---

[18]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

[19]*Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004).

[20]*Slusser*, 557 F.3d at 925; *Sultan*, 368 F.3d at 863.

[21]Genevieve T. Slomski & Tish Davidson, 4 The Gale Encyclopedia of Med. 2944 (4th ed.).

[22]*Id*. at p. 2946.

[23]SSA record at pp. 243-44.

[24]20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1).

changes.[25]  After she stopped working, Ms. Garrison felt better because she no longer worked in the heat and a stressful environment, but she later complained about a loss of coordination, fatigue, and periodic dizziness.  These complaints suggest disease progression.

In April 2012, shortly before her hearing, Ms. Garrison reported her condition was worsening.[26]  Her fatigue was about the same although the amount of fatigue depended on her level activity.  She wasn't sleeping as well.  Her leg pain was worse than the previous week, but she had been more active that week.  She felt more dizzy than before.

The most compelling evidence in support of Ms. Garrison's claims comes from her treating neurologist, Kathryn Chenault, M.D.[27]  Dr. Chenault reported she had treated Plaintiff for four and one-half years and she was not considered to be malingering.[28]  Dr. Chenault noted many limitations including the fact that she "fatigues quickly with [activities of daily living]" and that "prolonged activity results in need for recovery."[29]  She said Ms. Garrison often experiences fatigue and pain[30] and was "incapable of even 'low stress' jobs."[31]

Although the ALJ disagrees, Dr. Chenault's findings are supported by the objective medical evidence.  Doctors use MRIs to diagnose multiple sclerosis and monitor its progression.  Doctors

---

[25]Genevieve T. Slomski & Tish Davidson, 4 The Gale Encyclopedia of Med. 2946 (4th ed.).

[26]SSA record at p. 231.

[27]SSA record at pp. 219-224.

[28]SSA record at p. 219.

[29]SSA record at p. 220.

[30]*Id.*

[31]SSA record at p. 221.

look for plaques, or patches of scar tissue that form at areas where the protective sheath is damaged.[32]

Although the MRIs do not show dramatic degradation of Ms. Garrison's condition, they do support Dr. Chenault's report.[33]  And treatment notes show continued deterioration of Ms. Garrison's condition.[34]

New evidence.   Ms. Garrison's primary complaint is fatigue.   After reviewing the unfavorable decision, the neurologist's APN interpreted the decision as denying benefits because of a discrepancy between the opinion that Ms. Garrison can manage light work and reported fatigue.[35] According to the APN, "As there is no way to physically document fatigue, it is incorrect to say this is a discrepancy.  Also, while the patient has a normal physical exam in the clinic, there has not been documentation of her physical abilities after attempting to work.  Therefore, again this cannot be accurately assessed in the office setting."[36]  The APN placed Ms. Garrison between 3 and 3.5 on the multiple sclerosis disability scale[37] due to fatigue, balance and spasm.  Ms. Garrison maintains the Appeals Council should have asked a medical expert to review the associated treatment note before denying her request for review.

"Where, as here, the Appeals Council considers new evidence but denies review, [the court] must determine whether the ALJ's decision was supported by substantial evidence on the record as

---

[32]Genevieve T. Slomski & Tish Davidson, 4 The Gale Encyclopedia of Med. 2947 (4th ed.).

[33]SSA record at pp. 245-46 & 249.

[34]*Id*. at p. 237 (Mar. 10, 2010), p. 206 (Sept. 8, 2010), p. 205 (Apr. 13, 2011), p. 233 (Oct. 12, 2011), p. 231 (Apr. 12, 2012) & p. 229 (May 10, 2012).

[35]SSA record at p. 250-51.

[36]*Id*. at p. 251.

[37]Under the 1 to 10 scale, a patient rated between 3 and 4.5 has a moderate disability, affecting daily activities, but can walk without assistance. A rating of 6 represents walking with a cane.

a whole, including the new evidence."[38]   The APN's comments - "there is no way to physically document fatigue" - are well taken.  Dr. Chenault and her staff were in the best position to determine the severity of Plaintiff's symptoms.  As a treating physician, Dr. Chenault's opinions are entitled to substantial weight.[39]

## Conclusion and Recommendation

Plaintiff has provided compelling evidence from her treating doctor who concludes she is drastically limited.  Her doctor's conclusion is supported by her treatment notes and the objective medical evidence.  Accordingly, the Court finds that the decision of the ALJ is not supported by substantial evidence.  Furthermore, the Court is convinced that remanding this case for additional evidence would be pointless.  Instead, the Court finds ample evidence on the record to support an outright reversal of the Commissioner.  Reversal rather than remand is appropriate when remand would serve no practical purpose.  The ruling of the Commissioner must be reversed and the matter remanded for purposes of calculating benefits.

IT IS THEREFORE RECOMMENDED THAT:

The Commissioner's decision should be reversed and remanded for calculation of benefits as a "sentence four remand" within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Dated this 25th day of September, 2014.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[38]*Davidson v. Astrue*, 501 F.3d 987, 990 (8th Cir. 2007).

[39]*E.g., Miller v. Shalala*, 8 F.3d 611, 613 (8th Cir. 1993); *Prince v. Bowen*, 894 F.2d 283, 285 (8th Cir. 1990); see *Richmond v. Shalala*, 23 F.3d 1441, 1443 (8th Cir. 1994) (a treating physician's opinion concerning the physical limitations of a claimant is entitled to substantial weight).